UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>JUDI KIM AGUILAR,<br><br>　　　　　　　Defendant. | Case No. 19cr5071-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)**<br>**[Dkt. 36]** |
|---|---|

　　　In 2019, Judi Kim Aguilar pled guilty to knowingly and intentionally importing 100 grams of heroin. The Court imposed a total custodial sentence of 57 months, followed by 3 years of supervised release. Aguilar has served approximately 23 months and is scheduled to be released from Bureau of Prisons ("BOP") custody on January 19, 2024. She moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), under which a court may modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a).

　　　Aguilar urges the Court to reduce her sentence to time served on account of her medical conditions, including high blood pressure, which she alleges caused her to suffer a stroke while in custody in September 2020. (Dkt. 36 at 21). Although Aguilar has since recovered from her stroke, she asks this Court

to grant her request for a sentence reduction in order that she may receive the medical help she requires. (Dkt. 43 at 19).[1] The Government opposes her Motion, arguing that she doesn't have a "serious physical or medical condition" within the meaning of the Sentencing Commission's policy statement and, to the extent COVID-19 is at issue, Aguilar's high blood pressure is not a basis for release. (Dkt. 41 at 15).

      Aguilar's medical conditions aren't extraordinary and compelling reasons justifying a reduction of her medical sentence. Aguilar has not demonstrated that her high blood pressure or past stroke substantially diminish her ability to provide self-care or that she can't be effectively treated at the FCI Dublin correctional facility, where she is currently incarcerated according to the BOP website. U.S.S.G. § 1B1.13, App. Note 1(A)(ii)(I). To the contrary, her medical records establish that her conditions have been properly managed by the BOP. Aguilar has received rehabilitation, physical therapy, regular checkups, and medication to help alleviate her high blood pressure. (*See* Dkt. 47). Her doctor even noted that her health has significantly improved since she suffered her stroke, and that she is required to attend blood pressure clinics two days a week. (Dkt. 47-1 at 192). Moreover, to the extent Aguilar has a fear of contracting COVID-19 while in custody,[2] her medical records reflect that she has been fully vaccinated, and the BOP also has strong COVID-19 prevention policies in place for inmates, including mandatory testing for COVID-19 when inmates are exposed, vaccinations for inmates and staff, and medical isolation of any inmates known or suspected to have COVID-19. Bureau of Prisons,

---

[1] Aguilar filed her original Motion on April 28, 2021, (Dkt. 36), and later filed a supplemental document, which is largely duplicative of her original Motion, (Dkt. 43). The Court relies on both documents for purposes of its analysis.

[2] Aguilar does not raise this concern in her Motion, but the Court nevertheless addresses this issue raised by the Government in its Opposition. (*See* Dkt. 41 at 15).

*BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last accessed October 4, 2021). These institutional circumstances and Aguilar's vaccination status mitigate the risk that Aguilar will contract COVID-19 or another life-threatening illness at FCI Dublin during the remainder of her sentence.

The § 3553(a) factors continue to support the imposition of Aguilar's original sentence. Her offense—knowingly and intentionally importing 100 grams of heroin from Mexico to the United States—was unquestionably serious. Aguilar has a long history of criminal behavior, including, but not limited to, several burglaries and thefts, smuggling illegal aliens without presentation into the United States, transportation and possession for sale of heroin, resisting officers on various occasions, and deserting a child under the age of 14 with the intent to abandon. (Dkt. 20 at 6–11). Given that Aguilar has only completed approximately 40% of her sentence and her criminal history is of a serious nature, this Court finds that her early release from federal custody would present a risk to the public at large.

For the foregoing reasons, the Court finds that there is a continuing need for deterrence under § 3553(a)(2)(B). The need to protect the public from Aguilar's repeated criminal behavior is also strongly implicated. See 18 U.S.C. § 3553(a)(2)(C). These considerations weigh heavily against Aguilar's early release and predominate over considerations related to her high blood pressure. Aguilar has not demonstrated "extraordinary and compelling reasons" to warrant a reduction of her sentence, nor that her health conditions outweigh the need for her to complete her sentence. Her motion for early release is **DENIED**.

**IT IS SO ORDERED**.
Dated: October 29, 2021

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge